**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| IN THE MATTER OF THE KEVIN ERIC SCOTT, | |
| Petitioner, | Civil Action No. 3:26-cv-00174 |
| v. | *Removed from Union County Superior Court (Case No. 26CV000568-890)* |
| TD BANK, NATIONAL ASSOCIATION TD AUTO FINANCE, LLC, | |
| Respondents. | |

## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant TD Bank, N.A. (TD Auto Finance LLC merged with and into TD Bank, N.A., as of December 31, 2021) ("TD"), by and through its undersigned counsel, hereby removes this action from the General Court of Justice, Superior Court Division, County of Union, North Carolina to the United States District Court for the Western District of North Carolina, Charlotte Division.  In support of removal, TD states as follows:

## I.  <u>INTRODUCTION</u>

1.      On or about February 3, 2026 Plaintiff Kevin Eric Scott ("Plaintiff"), representing himself *pro se*, filed a Petition for Order to Show Cause/Complaint ("Complaint") against "TD Bank, National Association TD Auto Finance, LLC" in the General Court of Justice, Superior Court Division, County of Union, North Carolina, styled as *In the Matter of the Kevin Eric Scott v. TD Bank, National Association TD Auto Finance, LLC*, Civil Case No. 26CV000568-890 (the "State Court Action").

2.      On or about February 6, 2026, Plaintiff filed an Amended Complaint/Petition for Order to Show Cause ("Amended Complaint").

3.      Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendant are attached hereto and incorporated herein by reference as **Exhibit A**. Copies of other filings in the State Court Action are also attached hereto and incorporated herein by Reference as Ex. A.

## II.      TIMELINESS OF REMOVAL

4.      TD was served with the Complaint on February 5, 2026.

5.      TD has not been served with a copy of the Amended Complaint.

6.      TD has not filed a responsive pleading in the State Court Action.

7.      Under 28 U.S.C. § 1446(b), a notice of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

8.      Removal of this action is timely under 28 U.S.C. § 1446(b) because Plaintiff's Complaint was served on Defendant on February 5, 2026, and thirty (30) days have not expired since service of the Complaint upon Defendant.

## III.      BASIS FOR REMOVAL: FEDERAL JURISDICTION

9.      28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

10.      In his Amended Complaint, Plaintiff alleges that TD failed to comply with the Fair Debt Collection Practices Act ("FDCPA").  Ex. A, Am. Compl. ¶ 3(A).

11.     Plaintiff's Complaint asserts claims based on violation of federal statute—the FDCPA—meaning the claim "arise[s] under" the laws of the United States.  Accordingly, this Court has original subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331.

12.     Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

13.     Further, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

14.     Plaintiff's alleged violations of the North Carolina Uniform Commercial Code (the "UCC") and the North Carolina Debt Collection Act (the "NCDCA"), N.C.G.S. § 75-50 *et seq.*, are so related to the claims in the action within the federal question jurisdiction such that they form part of the same case or controversy.  Ex. A, Am. Compl.

## IV.     <u>VENUE</u>

15.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 113(b), 1391, 1441(a), and 1446(a) because the State Court Action was filed the General Court of Justice, Superior Court Division, County of Union, North Carolina, which is located within the geographical boundaries of the United States District Court for the Western District of North Carolina, Charlotte Division.

3

## V.    **THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED**

16.    Pursuant to 28 U.S.C. § 1446(d), TD has promptly given written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff.  Attached as **Exhibit B** is a copy of the Notice of Filing of Notice of Removal, without exhibits, which will be promptly filed with the Clerk of the Superior Court of Union County, North Carolina and served on Plaintiff in compliance with 28 U.S.C. § 1446(d).

17.    This case is not precluded from being removed under 28 U.S.C. § 1445 because: (a) it is not brought against a railroad or its receivers or trustees, arising under 45 U.S.C. § 51–54, 55–60; (b) it is not brought against a carrier or its receivers or trustees to recover damages for delay, loss or injury of shipments arising under section 11706 or 14706 of title 49; (c) it does not arise under the workmen's compensation laws; and (d) it does not arise under Section 40302 of the Violence Against Women Act of 1994.

## VI.    **CONCLUSION**

As demonstrated herein, this Court has federal jurisdiction over this action, and this Notice of Removal is timely.  By filing this Notice of Removal, TD does not waive any defenses, whether procedural or substantive, which may be available to it, including, but not limited to, its right to contest in personam jurisdiction and improper service of process, and specifically reserves all defenses, exceptions, rights, and motions, including, but not limited to, the right to arbitrate this action and any defenses available under Federal Rule of Civil Procedure 12(b).  No statement or omission in this Notice shall be deemed an admission of any allegations of or damages sought in the Amended Complaint.

This, the 6th day of March, 2026.

/s/ Jessica O'Brien Peretz
Jessica O'Brien Peretz
N.C. State Bar No. 56679

4

McGuireWoods LLP
201 North Tryon Street, Suite 3000
Charlotte, NC 28202-2146
Telephone: (704) 343-2395
Facsimile: (704) 343-2300
Email: jperetz@mcguirewoods.com

*Counsel for Defendant TD Bank, N.A.*

## CERTIFICATION

Pursuant to this Court's Order regarding the use of artificial intelligence, the undersigned states that:

1.      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources such as Westlaw, Lexis, FastCase, and Bloomberg; and

2.      Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This, the 6th day of March, 2026.

*/s/ Jessica O'Brien Peretz*
Jessica O'Brien Peretz
N.C. State Bar No. 56679
MCGUIREWOODS LLP
201 North Tryon Street, Suite 3000
Charlotte, NC 28202-2146
Telephone: (704) 343-2395
Facsimile: (704) 343-2300
Email: jperetz@mcguirewoods.com

*Counsel for Defendant TD Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2026, I caused a copy of the foregoing NOTICE OF REMOVAL, and all attachments thereto, to be served upon all parties to this action, as listed below, via electronic mail and United States Postal Service first class mail, postage prepaid:

Kevin Eric Scott
4013 Tremont Drive
Indian Trail, North Carolina 28079
Email: kevinscott74@yahoo.com

*Plaintiff, Pro Se*

*/s/ Jessica O'Brien Peretz*
Jessica O'Brien Peretz
N.C. State Bar No. 56679
McGuireWoods LLP

*Counsel for Defendant TD Bank, N.A.*